UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SYDNEY ANDERSON                                CIVIL ACTION

v.                                             NO. 07-5834

STATE FARM INSURANCE                           SECTION "F"
AND CASUALTY COMPANY

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

The plaintiff sued State Farm in state court to recover for damages to plaintiff's Hurricane Katrina-damaged property. At the time of the storm, Ms. Anderson had two policies in effect, that had been issued by State Farm: a homeowners policy and a rental dwelling policy. In her state court petition, Ms. Anderson asserts that "[t]he amount in controversy does not exceed $75,000, exclusive of interest and cost." Also, she itemizes her damages as follows:  $66,187 in damage to dwellings; $15,470.75 in loss of personal property; and $8,876.28 for additional living expenses. To date, State Farm has paid Ms. Anderson $16,779.61.[1]  Ms. Anderson does not allege that State Farm acted arbitrarily and capriciously, and asserts no claim for recovery of statutory penalties.

State Farm removed to this Court.  Ms. Anderson now moves

---

[1] State Farm says it has paid $19,279.61 under the policies.

1

to remand the case back to state court; she contends that the Court lacks subject matter jurisdiction because the jurisdictional amount in controversy is not met.

I.

Although the plaintiff challenges removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332.

State Farm contends that this Court has diversity jurisdiction over this suit because the parties are completely diverse and the plaintiff seeks recovery in excess of $75,000. The parties are of diverse citizenship. The only dispute here is whether the amount-in-controversy requirement is met.

III.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720 (5th Cir. 2002); see also <u>Cavallini v. State Farm Mut. Auto Ins. Co.</u>, 44 F.3d 256, 264 (5th Cir. 1995).

Louisiana law prohibits the plaintiff from petitioning for a specified quantum. See La. Code Civ. P. art. 893(A)(1).[2] Ms. Anderson, however, has asserted in the Factual Allegations section of her petition that her damages to her dwelling, personal property, and loss of use, less the payment made to her by State Farm, amount to $73,754.42. State Farm accuses her of bad faith

---

[2] It provides:

> No specific amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.

pleading and attempting to evade federal jurisdiction.  To the extent Ms. Anderson quantifies her damages in her petition, the Court disregards those allegations, as Louisiana law forbids alleging a specific amount of damage.

The Court first consults the allegations of Ms. Anderson's petition at the time of removal.  See Manguno, 276 F.3d at 723.  Ms. Anderson alleges, simply, that her property sustained wind damage and that State Farm has not paid what it owes her under the policy for damage to her dwelling, loss of personal property, and additional living expenses.  By the plain language of her petition, she does not allege that she is entitled to recover policy limits, she does not allege that State Farm has acted in bad faith, and finally she does not allege that she seeks to recover statutory penalties or attorney's fees.

State Farm, the removing party, must prove by a preponderance of the evidence that the amount in controversy exceeds \$75,000.  See Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed \$75,000 or (2) setting forth the facts in controversy that support a finding of the jurisdictional amount.  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).  The defendant must do more than point to a state law that might allow

plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.  See De Aquilar, 47 F.3d at 1412.

As noted, it is not facially apparent from the plaintiff's complaint that her claims likely exceed $75,000. Thus, the defendant must set forth facts in controversy that support a finding that the jurisdictional amount-in-controversy is met. See id.   State Farm recites the coverage limits of the relevant policies, which exceed $300,000.  State Farm has paid $19,279.61 under the policies.  Accordingly, State Farm concludes, the jurisdictional amount in controversy is met, as there remains at least $313,460.39 "potentially at issue."  "Removal, however, cannot be based simply upon conclusory allegations." See Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (citation omitted).

As the removing party, the defendant bears the burden to show that the amount in controversy *more likely than not* exceeds $75,000.  State Farm submits a Certification of Coverage for the homeowners policy and the rental dwelling policy; these simply list the types and amounts of coverage provided by the policies. The defendant would have the Court assume that -- even though the plaintiff nowhere alleges entitlement to policy limits -- the mere fact that the plaintiff's policy limits exceed the jurisdictional

amount in controversy catapults this case past the amount-in-controversy threshold and into federal court.  Further, neither party has suggested that the plaintiff's property was totally destroyed.  To the contrary, to accept State Farm's position is to disregard the language of the petition, which alleges wind-related damage but no flooding, and nowhere suggests total destruction of the property such that full policy limits would be recoverable by Ms. Anderson.  State Farm has submitted nothing for the Court to determine what might be the value of Ms. Anderson's "true" claim.  The defendant has not carried its burden.

Based on the plaintiff's allegations and the jurisdictional facts before the Court, State Farm has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, the plaintiff's motion to remand is GRANTED.  The case is hereby remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, November 6, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE